# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| MARISSA MALDONADO as representative of the ESTATE OF AIMEE NICOLE DOUGHTY, S.D. by and through her guardian ad litem MARISSA MALDONADO, U.C. by and through his guardian ad litem MARISSA MALDONADO, E.D.M. by and through his guardian ad litem MARISSA MALDONADO, E.R.M. by and through his guardian ad litem MARISSA MALDONADO, E.K.M. by and through his guardian ad litem MARISSA MALDONADO, O.S. by and through his guardian ad litem MARISSA MALDONADO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FRESNO; OFFICER R. HARRELL, OFFICER ERIC CLAIBORNE; ANTHONY JEFF; ALICE VALENZUELA; POLICE CHIEF PACO BALDERRAMA, UNKNOWN LAW ENFORCEMENT OFFICERS, and DOES 1-30,<br><br>Defendants. | Case No. 1:24-cv-00102-KES-SAB<br><br>ORDER ENTERING PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS<br><br>(ECF No. 26) |

PURSUANT TO STIPULATION OF THE PARTIES ("Stipulation and Joint Request for Protective Order Regarding Confidential Documents"), and

1

**STIPULATION AND JOINT REQUEST FOR PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**

pursuant to the Court's inherent and statutory authority, including but not limited to the Court's authority under the applicable Federal Rules of Civil Procedure and the United States District Court, Eastern District of California Local Rules; after due consideration of all the relevant pleadings, papers, and records in this action; and upon such other evidence or argument as was presented to the Court; Good Cause appearing therefore, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

**1.    PROTECTIVE ORDER REGARDING CONFIDENTIAL RECORDS**

   **A.    DEFINITIONS**

   1.1    Action: This pending federal lawsuit in *Marissa Maldonado, et al. v. City of Fresno, et al.*, 1:24-cv-00102-KES-SAB.

   1.2    Challenging Party: a party or non-party that challenges the designation of information or items under this Order.

   1.3    "CONFIDENTIAL" Information or Items: information, in documentary or electronic form, or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, as specified above in the Good Cause Statement of the Stipulation and Joint Request for Protective Order Regarding Confidential Documents, including the following information or items: peace officer personnel records defined by California Penal Code sections 832.5, 832.7, 832.8, and the associated case law; medical and/or psychotherapeutic records; autopsy photographs; and personal identifying information of third party witnesses or victims, e.g. addresses, telephone numbers, dates of birth, and social security numbers.

   1.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

   1.5    Designating Party: a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

1.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this Action.

1.8     House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

1.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

1.10    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

1.11    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

1.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

1.15 <u>Receiving Party</u>: a party that receives Disclosure or Discovery Material from a Producing Party.

1.16 <u>Final Disposition</u>: is defined as the conclusion of any appellate proceedings in this Action, or, if no appeal is taken, when the time for filing of an appeal has run.

## 2. SCOPE OF PROTECTION

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the Court. This Protective Order does not govern the use of Protected Material at trial.

### A. PURPOSES AND LIMITATIONS

Disclosure and discovery in this case are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than this litigation may be warranted. Accordingly, the parties hereby stipulate to the following Protective Order.

The parties acknowledge that the Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Protective Order does not entitle them to file confidential information under seal except to the extent specified herein; U.S. District Court, Eastern District Local Rules 141, 141.1, 143, and 251 set(s) forth the procedures that must be followed and reflects the standards that will be applied when a Party seeks permission from the court to file material under seal.

Nothing in this Protective Order shall be construed so as to require or mandate that any Party disclose or produce privileged information or records that could be designated as Confidential Documents/Protected Material hereunder.

## 3. DURATION OF PROTECTED MATERIAL/CONFIDENTIAL DOCUMENTS

Except as set forth below, the terms of this Protective Order apply through Final Disposition of the Action. The Parties may stipulate that the they will be contractually bound by the terms of Stipulation and Joint Request for Protective Order Regarding Confidential Documents beyond Final Disposition, but will have to file a separate action for enforcement of the agreement once all proceedings in this Action are complete.

Once a case proceeds to trial, any use of Protected Material shall be governed by the orders of the Court.

## 4. DESIGNATING PROTECTED MATERIAL

4.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

4.2     Manner and Timing of Designations.

Except as otherwise provided in this Protective Order (see e.g., second paragraph of section 4.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing

Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

4.3     Inadvertent Failures to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

# 5.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1     Timing of Challenges.

Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order and associated deadlines.

5.2     Meet and Confer.

The Challenging Party shall initiate the dispute resolution process under Local Rule 251, et. seq.

5.3     The Burden of Persuasion.

In any such challenge proceeding, the burden of persuasion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose

(e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**6.     ACCESS TO AND USE OF PROTECTED MATERIAL**

6.1     Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (Final Disposition).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

6.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) In preparation for and during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing Party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

Notwithstanding the aforementioned specified categories of persons and circumstances, all documents designated CONFIDENTIAL and their contents, including and especially, but not limited to, documents and depositions under seal containing the identities of witnesses, employees/personnel and consultants shall expressly be deemed "Attorneys Eyes Only," meaning its disclosure shall be limited only to counsel for the Parties in addition to the aforementioned specified categories

of persons and circumstances. However, documents that do not contain the identities of percipient witnesses shall not be deemed "Attorneys Eyes Only."

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the Party who caused the subpoena or court order to issue in the other litigation that some or all of the material covered by the subpoena or court order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the court from which the subpoena or court order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Protective Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such

10
**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DOCUMENTS**

information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) Promptly provide the Non-Party with a copy of this Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) Make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the

Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence, insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in this Protective Order submitted to the court.

## 11. MISCELLANEOUS

11.1   Right to Further Relief.

Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

11.2   Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3   Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**12.   FINAL DISPOSITION**

After the final disposition of this Action, as defined above, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "All Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION).

//

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [Date:_____] in the case of *Marissa Maldonado, et al. v. City of Fresno, et. al.*; 1:24-cv-00102-KES-SAB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City/State where sworn and signed: _____

Printed name: _____

Signature: _____

**COURT ORDER ENTERING STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1. The above stipulated protective order is entered;

2. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141;

3. The party making a request to file documents under seal shall be required to show either good cause or compelling reasons to seal the documents, depending on the type of filing, <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009); <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092, 1101 (9th Cir. 2016); and

4. If a party's request to file Protected Material under seal is denied by the Court, then the previously filed material shall be immediately accepted by the court and become information in the public record and the information will be deemed filed as of the date that the request to file the Protected Information under seal was made.

IT IS SO ORDERED.

Dated:   **September 12, 2024**                               _____
                                                                                      UNITED STATES MAGISTRATE JUDGE