# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISSA MALDONADO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF FRESNO, et al., <br><br> Defendants. | Case No. 1:24-cv-00102-KES-SAB <br><br> ORDER GRANTING MOTION TO APPOINT MARISSA MALDONADO AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF S.B. <br><br> (ECF No. 39) |

On March 28, 2025, Plaintiffs filed a motion for appointment of Plaintiff Marissa Maldonado to act as guardian ad litem for Minor Plaintiff S.B. (ECF No. 39.) On April 15, 2025, Plaintiffs filed an amended complaint naming S.B. as a plaintiff in this action. (ECF No. 50.)

Rule 17 of the Federal Rules of Civil Procedure provides that a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to

1

1 act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id.  A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate."  AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015).  This means that the guardian ad litem cannot face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."  Gonzalez v. Reno, 86 F. Supp. 2d 1167, 1185 (S.D. Fla.), aff'd, 212 F.3d 1338 (11th Cir. 2000).  While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-cv-01165 AWI NEW (TAG), 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007).  Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

Plaintiff Marissa Maldonado moves to be appointed guardian ad litem for minor Plaintiff S.B., who is the biological daughter of decedent Aimee Doughty and Richard Barker.  (ECF No. 39 at 1.)  Minor Plaintiff S.B. is in the custody of Richard Barker, who has allowed Plaintiff Marissa Maldonado to represent S.B. as guardian ad litem for this matter.  (Id.)  Plaintiff Marissa Maldonado declares she is the legally adopted parent of S.B.  (Id. at 3.)  Plaintiff Marissa Maldonado declares she is willing to serve as guardian ad litem of minor Plaintiff S.B. and is fully competent to understand and protect the rights of the minor Plaintiff.  (Id. at 2.)

Having considered the request for Plaintiff Marissa Maldonado to be appointed as guardian ad litem for minor Plaintiff S.B., and the supporting declarations, the Court finds no apparent conflicts that would preclude Plaintiff Marissa Maldonado from serving as guardian ad litem for S.B. in this action.

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. The motion to appoint Marissa Maldonado as guardian ad litem for minor Plaintiff S.B. (ECF No. 39) is GRANTED; and

2. Plaintiff Marissa Maldonado is appointed guardian ad litem for minor Plaintiff S.B.

IT IS SO ORDERED.

Dated: **April 16, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3